*1141 The opinion of the court was delivered by
McEnery, J.
The plaintiff instituted this suit against defendant D. M. Giddens for the sum of one thousand seven hundred and eight and 68-100 dollars, evidenced by a promissory note, dated May 14, 1892.
In the suit he made also defendants the two sons of plaintiff, Robert A. and Albe'rt S. Giddens.
“Petitioner further alleges that said Albert Giddens, Robert Giddens and their father, D. M. Giddens have entered into a pretended settlement and transfer of property on the 28th of December, 1892, and filed of record that day in the clerk’s office. Petitioner alleges that said pretended transfer and settlement and giving in payment is a fraudulent simulati.n, and that D. M. Giddens was not indebted to them in any sum after accounting for the improvements on said property, and for their raising, education and support. Petitioner alleges that all the property pretended to be transferred by above conveyance is neither the original property left by the succession of the mother of Albert S. and Robert A. Giddens, nor is it the product or increase of said succession property. Petitioner further alleges that if said D. M. Giddens was due them anything, that they had no mortgage or privilege on any of his property, nor was there any mortgage or privilege on any of the personal property described in the act of conveyance, and the transfer of the property for an indebtedness, if any existed, was null and void, because said Giddens was insolvent, and the said parties knew of his insolvency. Plaintiff alleges injury by this settlement and insolvency of the father, D. M. Giddens, and the same be avoided and annulled.”
For participating in these alleged illegal acts and assisting their father in illegally disposing of his cotton, judgment is prayed for in solido against all the defendants. All the property embraced in the settlement is asked to be made subject to plain iff’s debt.
The defendant’s two sons deny that they held said property by virtue of said settlement but by inheritance from their mother.
The case was tried by a jury, who returned a verdict for plaintiff against D. M. Giddens for full amount claimed on account, of five hundred and eighty dollars, and they also in the verdict declared D. M. Giddens to be the owner of one-third interest in the Sprowl place, and that said one-third interest should be subjected to the payment of plaintiff’s demand. A judgment was rendered on this *1142 verdict which departed in some respects from it. Defendants complain of this, but it will be unnecessary to comment on it, for the reason that the judgment rendered will be amended, dismissing the demand of plaintiff against defendant's sons, and releasing the property subjected to the payment of the judgment rendered.
The sons, R. A. and A. S. Giddens, appealed from the judgment.
The record is very large and encumbered with m-ch useless matter. There was no necessity of introducing any evidence of title in the mi ors prior to the judgment hereinafter noticed which fixed the status of the property as theirs — i. e., the lands of their tutor, their father.
The mother of the two defendants, R. A. and A. S. Giddens, died. Her succession effects were inventoried and the father qualified as tutor. During the tutorship, seventeen years before the execution of the note sued on, in the interest of the minors, it became necessary to exchange the immovable property, which the tutor considered as their property, for certain other immovable property. A family meeting was convened, the proceedings regularly conducted, and a decree was rendered homologating the proceedings and approving of the exchange.
The decree concludes as follows: “ It is further ordered, adjudged and decreed that the contract of exchange, as executed and < arried into effect, and bearing date December 25, 1875, and same being notarial in form, be homologated and confirmed and declared to be binding and of full force and effect against and between said minors and J. H. Beaird, and valid as a mutual and final title to each as to the places respectively conveyed, and that the costs be taxed against D. M. Giddens, tutor, at whose instance this family meeting was convened. Done, read and signed in open court, on this 21st April, 1877.
“ A. Ben. Broughton, Parish Judge.”
This judgement is final, conclusive and irrevocable between the tutor and the minors. All the property received in exchange was the property of the minors. It is too late to inquire whether some of the property given in exchange belonged to the tutor. It passed from him, so far as creditors of the judgment debtor are concerned, whose debts originated after the decree. 44 An. 422.
A portion of the immovable property embraced within this decree, it is claimed by plaintiffs, was owned at the time by D. M. Giddens, the *1143 tutor. ' But this is questioned, and the testimony of the tutor is that he took the title in his own name, but received the money to pay the price on account of the minors, from their grandmother.
One of the minors became of age and the other was emancipated during the tutorship. They had a right to demand an account from their tutor, and the delivery to them of property held for them.
The fact of the insolvency of the tutor is no evidence by itself that they colluded with him. The fact of insolvency alone would, or ought to, induce action on their part to protect their rights. That one of the minors was uneasy as to his rights some time before the final settlement, 28th December, 1892, is a fact established by the testimony.
Both, however, concluded to let their father manage the property for a while, in order to satisfactorily meet his obligations. He was unable to do so, and the settlement of 28th December, 1892, was the result. The evidence fails to establish any collusion between the tutor and the minors who had become of age to defraud the creditors of the tutor, or that they had been employed by him in diverting cotton from its proper destination to the furnisher of supplies.
D. M. Giddens’ testimony as to the amount of cattle, hogs, horses, mules, etc., delivered to the minors is unaffected by plaintiff’s evidence. They are in excess in some items of the amount in the inventory of the mother’s succession. But D. M. Giddens shows that this excess was from natural increase, from selling old and purchasing fresh stock. In other words, the whole increase was produced from the minors’ property administered by him. They are entitled to it. 31 An. 359; 42 An. 162.
Some of the items in the settlement are of articles returned in kind, and others of articles returned in kind for like articles consumed by the tutor.
In the settlement between the tutor and his wards there are alleged overcharges for rent, for the support and education of the minors, and a failure to charge for- improvements placed on the minors’ property. The plaintiff for these reasons charges that the tutor was not indebted to them. It may be true that the minors had no money demand against him in consequence of the statement of the account, but this is a matter between the tutor and the minors, who had attained the age of majority and were capable of remitting the *1144 credits not mentioned in the account, and of accepting the overcharges for rent and. support. But as the tutor only turned over to them the property of which they were the owners, the plaintiff was in no way injured by the settlement and has no cause to complain.
The tutor can not so manage and administer the tutorship as to bring the minors in debt to him, and so burden their property as to divest title in them and vest it in h.imself.
In the settlement made with his wards the tutor delivered to them property to which they were entitled and of which they were the owners.
He charges himself with rent for the entire period of the tutorship, but the settlement does not show, that any rent was paid to the minors.
On the account or settlement there are two jennets and one colt, one mower and rake, and one lot cotton seed, valued at three hundred and seventy-five dollars.
It is admitted that the minors had no title to this property.
The tutor owed for rent. It was not offset by improvements sufficient to pay the same. They had a privilege on this property for the payment of the rent. They could have seized and sold it.
The plaintiff was not, therefore, injured by the delivery to the minors of property which was subject to their lessor’s privilege, and from which there could be no surplus to pay any part of plaintiff’s debt.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reverse that part of it which affects the title of the defendants, A. S. and Robert A. Giddens, to any of the property comprised in the settlement made with their tutor, D. M. Giddens, on 28th December, 1892, and which annuls and sets aside said settlement, and that part of the decree which invests ownership in D. M. Giddens of one-third interest in the Sprowl plantation, and the said A. S. and Robert A. Giddens are declared to be the lawful owners of all said property comprised and embraced in said settlement, and plaintiff’s demand against them be rejected. In other respects judgment affirmed, plaintiff to pay costs of appeal.
Mr. Justice Watkins recuses himself, having been of counsel in this case.